GREG G. GUIDRY, Judge.
| ¿Joseph M. Casanova, the son of the deceased, Lillian Fraas Casanova, appeals from the trial court’s Judgment Homolo-gating the Tableau of Distribution in his mother’s succession. For the reasons which follow, we dismiss the appeal.
Lillian Fraas Casanova died testate on January 23, 2006. Her eldest son, James A. Casanova, was named testamentary executor and confirmed by the trial court as executor of the estate. Problems arose between the two brothers immediately. Pertinent to the issue herein, on December 27, 2006, Joseph filed a Motion to Remove Testamentary Executor and Appoint Independent Administrator. While that motion was pending, on February 14, 2007, James, as executor, filed the sworn detailed descriptive list, the succession accounting and a Notice by Publication of Filing of the Tableau of Distribution with a show cause request why the Final Tableau of Distribution should not be approved and homologated. The Motion to Remove the Testamentary Executor was continued by joint motion to July 11, 2007. No opposition to the Final Tableau of Distribution was filed following publication of the notice. On June 29, 2007, |.a Certificate of No Opposition was filed and James, as executor, obtained a judgment homologat-ing the final tableau.
Thereafter, James, as executor, filed a Motion and Order to Discharge Executor which was granted that day. On July 9, 2007, Joseph filed a Motion to Dismiss his Motion to Remove the Executor. This motion was signed on July 11, 2007. Joseph alleges in his brief to this Court, and the minutes confirm, that this occurred in chambers on that date, and the trial judge also gave him time to file pleadings to vacate the judgment homologating the tableau of distribution. On July 20, 2007, the trial judge signed an order vacating the judgment homologating the tableau of distribution, discharging the executor and dismissing Joseph’s Motion to Discharge the Executor and Appoint an Independent Ad *2 ministrator. Following the filing of numerous other motions and memorandum, the trial court issued a judgment with reasons on November 19, 2007.
In the November 19, 2007, judgment, the trial judge determined that the tableau of distribution had been properly homolo-gated and found that the order vacating that judgment was null. The judgment homologating the tableau of distribution was re-instated or re-issued. The court further noted that the order vacating the Order to Discharge the Executor was proper and granted James’ Motion to Dismiss his Motion to Discharge the Executor until the succession property is distributed in accord with the judgment homologating the tableau of distribution. Then, since the final tableau of distribution had been homologated, she found Joseph’s Motion to Remove the Executor moot. The record indicates notice of judgment was issued that same day and mailed on the following-day, November 20, 2007. Joseph filed a Motion for Appeal on January 18, 2008, notifying the court of his intent to appeal devolutively. The motion was signed that day.
|4FoIIowing the lodging of the appeal in this Court, James filed a Motion to Dismiss the Appeal. In his motion, James points out that La. C.C.P. art. 3308 provides in pertinent part that “[o]nly a sus-pensive appeal as provided in Article 2123 shall be allowed from a judgment homolo-gating a tableau of distribution.” (Emphasis added.)
Joseph did not file an opposition to the Motion to Dismiss. In his appellate brief, he argues the merits of his ease rather than addressing the procedural objection. Joseph argues that a simple application of La. C.C.P. art. 3308 does not consider that the executor had actual notice, in writing, of Joseph’s objections to the tableau of distribution even though they had not been filed of record. He also contends that the executor used delay tactics to postpone the hearing on Joseph’s motion to remove him while he moved forward with the homolo-gation of the tableau of distribution to his advantage.
While Joseph’s arguments may support a suit to annul the judgment, they are not a defense for the failure to comply with the procedural requirements mandated in the Code of Civil Procedure.
La. C.C.P. art. 3308, providing the procedure for appealing from a judgment ho-mologating a tableau of distribution, provides in pertinent part:
Only a suspensive appeal as provided in Article 2123 shall be allowed from a judgment homologating a tableau of distribution.
La. C.C.P. art. 2123, providing the delay for taking a suspensive appeal, provides in pertinent part:
A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as | .^provided by Article 1974 and Article 1811, if no application has been filed timely.
La. C.C.P. art 1974, providing the delay for applying for a new trial, provides:
The delay for applying for a new trial shall be seven days, exclusive of legal holidays. The delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.[1]
*3 Considering these provisions in the context of this case, we are constrained to find that Joseph’s appeal is not timely. The judgment homologating the tableau of distribution was rendered with reasons on November 19, 2007.[2] The record indicates that notice of signing of the judgment was mailed the following day. The Motion for Appeal was not filed until January 18, 2008, well beyond the 30 days following the expiration of the delay for applying for a new trial. Therefore, we find the Motion for Appeal was not filed timely and the Court lacks jurisdiction to consider the matter.
Accordingly, for the reasons stated above, the appeal in this case is dismissed.

APPEAL DISMISSED.

. La. C.C.P. art.1913 requires notice of judgment in contested cases, and of a default judgment

. According to the record, the judgment ho-mologating the tableau of distribution was signed on June 29, 2007. Thereafter, the trial judge issued an order, on July 20, 2007, vacating the June 29, 2007, judgment. The November 19, 2007, judgment expressly finds the July 20, 2007, order vacating the judgment homologating the tableau of distribution null, thereby re-instating or re-issuing the judgment homologating the tableau of distribution. We note that whether the judgment homologating the tableau of distribution is considered as rendered on June 29, 2007, or November 19, 2007, the principles expressed herein, leading to a conclusion that the appeal is not timely, remain the same. Thus, although we find the procedure utilized herein problematic, since neither of the parties objected, and the result would be the same, we pretermit discussion of that issue and confine our review to the timeliness of the appeal.